**TRANSPORT AUDITING, INC., Plaintiff,**

v.

**SEA–LAND SERVICE, INC., Defendant.**

Civ. No. 94–1278 (HL).

United States District Court,
D. Puerto Rico.

Sept. 12, 1995.

Plinio Perez–Marrero, Hato Rey, PR, for plaintiff.

Jose R. Rivera–Morales, Jimenez, Graffam & Lausell, San Juan, PR, for defendant.

## OPINION AND ORDER

LAFFITTE, District Judge.

Plaintiff Transport Auditing, Inc. originally filed this action to collect monies in the Superior Court of Puerto Rico, San Juan Part on January 31, 1994.[1] Transport Auditing is an agent of Thermo King de Puerto Rico, Inc. ("Thermo King"). Transport Auditing alleges that Defendant Sea–Land Service, Inc. ("Sea–Land"), a maritime shipping company, overcharged Thermo King for the transport of maritime freight and that, as a result of these overcharges, Thermo King made double payments to Sea–Land. Transport Auditing brought this action pursuant to Article 1795 of the Puerto Rico Civil Code[2] to collect an alleged $330,529.51 in overpayments. On March 4, 1994, Sea–Land filed a notice of removal[3] removing this case to this Court and alleging that this Court had jurisdiction pursuant to 28 U.S.C. § 1337. Transport Auditing has moved to remand this case to Superior Court. For the reasons set forth below, the Court grants Transport Auditing's request and remands this case.

## DISCUSSION

As mentioned above, Sea–Land removed this case alleging federal jurisdiction pursuant to 28 U.S.C. § 1337.[4] A plaintiff is the master of the claim; he or she may avoid

1. Civil No. KCD–94–0053 (806).

2. P.R.Laws Ann. tit. 31, § 5121 (1991).

3. Docket no. 1.

4. In its original notice of removal, Sea–Land alleged jurisdiction pursuant to 28 U.S.C. § 1337. On March 23, 1994, Sea–Land filed an amended notice of removal adding an allegation of jurisdiction based on diversity, pursuant to 28 U.S.C. § 1332. *See* Docket no. 5. Sea–Land subsequently withdrew this amended notice of removal. *See* Docket no. 9, at 17. Accordingly, in order to determine whether this case was properly removed, the Court will consider only whether there is federal jurisdiction pursuant to 28 U.S.C. § 1337.

federal jurisdiction by relying exclusively on state law. *Caterpillar, Inc. v. Williams,* 482 U.S. 386, 392, 107 S.Ct. 2425, 2429, 96 L.Ed.2d 318 (1987); *Hunneman Real Estate v. Eastern Middlesex Ass'n,* 860 F.Supp. 906, 909 (D.Mass.1994); Erwin Chemerinsky, *Federal Jurisdiction* § 5.2.3, at 264 (2d ed. 1994). A party may, however, remove a state court civil action to a federal district court if the district court would have had original jurisdiction over the matter. 28 U.S.C.A. § 1441 (1994). The party seeking to remove a case has the burden of establishing that federal jurisdiction exists. *Her Majesty the Queen v. City of Detroit,* 874 F.2d 332, 339 (6th Cir.1989). If diversity is not the basis for jurisdiction, the removal must be based on a federal question. *Caterpillar,* 482 U.S. at 392, 107 S.Ct. at 2429. Under the statute providing for federal question jurisdiction, district courts have jurisdiction of civil actions which arise "under the Constitution, laws, or treaties of the United States." 28 U.S.C.A. § 1331 (1993).[5]

For purposes of federal question jurisdiction, the issue of whether a claim arises under the laws or Constitution of the United States is governed by the "well-pleaded complaint" rule. *Caterpillar,* 482 U.S. at 392, 107 S.Ct. at 2429; *Merrell Dow Pharmaceuticals Inc. v. Thompson,* 478 U.S. 804, 808, 106 S.Ct. 3229, 3232, 92 L.Ed.2d 650 (1986); *Magerer v. John Sexton & Co.,* 912 F.2d 525, 528 (1st Cir.1990). The well-pleaded complaint rule states the following:

'[W]hether a case is one arising under the Constitution or a law or treaty of the Unit-

5. As stated above, Sea–Land based its removal on 28 U.S.C. § 1337. That section provides that district courts have jurisdiction of "any civil action or proceeding arising under any Act of Congress regulating commerce or protecting trade and commerce against restraints and monopolies...." 28 U.S.C.A. § 1337(a) (1993). The "arising under" requirement of section 1337 is the same as the "arising under" requirement of section 1331. *Eitmann v. New Orleans Public Service, Inc.,* 730 F.2d 359, 365 n. 9 (5th Cir. 1984); *Maritime Service Corp. v. Sweet Brokerage De Puerto Rico,* 537 F.2d 560, 561 n. 1 (1st Cir.1976).

ed States, in the sense of the jurisdictional statute, ... must be determined from what necessarily appears in the plaintiff's statement of his own claim in the bill or declaration, unaided by anything alleged in anticipation of avoidance of defenses which it is thought the defendant may interpose.' *Franchise Tax Bd. v. Laborers Vacation Trust,* 463 U.S. 1, 10, 103 S.Ct. 2841, 2846, 77 L.Ed.2d 420 (1983) (quoting *Taylor v. Anderson,* 234 U.S. 74, 75–76, 34 S.Ct. 724, 724, 58 L.Ed. 1218 (1914)). Under this rule, federal question jurisdiction exists only if a federal question is present on the face of a plaintiff's properly pleaded complaint. *Caterpillar,* 482 U.S. at 392, 107 S.Ct. at 2429. A defendant may not remove a case to federal district court unless plaintiff's complaint has established that the claim arises under federal law. *Franchise Tax,* 463 U.S. at 10; 103 S.Ct. at 2847. Furthermore, a defendant may not remove a case on the basis of a federal law defense, even though this federal defense is the only question at issue in the case. *Caterpillar,* 482 U.S. at 393, 107 S.Ct. at 2430; *see also* Chemerinsky, *Federal Jurisdiction* § 5.2.3, at 264. A federal issue does not authorize removal if the federal issue arises only by way of a federal defense. *Hernandez–Agosto v. Romero–Barcelo,* 748 F.2d 1, 2–3 (1st Cir.1984). Neither a defendant's answer nor its petition for removal may form the basis for establishing federal question jurisdiction. *Powers v. S. Cent. United Food & Commercial Workers Unions,* 719 F.2d 760, 764 (5th Cir.1983); *see also* Chemerinsky, *Federal Jurisdiction* § 5.2.3 at 264. If a case was not properly removed because the district court does not have original jurisdiction, the court must remand the case to the state court from which it was removed. 28 U.S.C.A. § 1447(c) (1994); *Franchise Tax,* 463 U.S. at 8; 103 S.Ct. at 2845. The removal statute should be strictly construed, and any doubts should be resolved against removing a case. *Her Majesty the Queen,* 874 F.2d at 339; *Bally v. Nat'l Collegiate Athletic Ass'n,* 707 F.Supp. 57, 58 (D.Mass.1988).

■ If a plaintiff's cause of action is based on state law, there is no federal question jurisdiction unless plaintiff's right under state law necessarily turns on a construction of federal law. *Merrell Dow,* 478 U.S. at 808–09, 106 S.Ct. at 3232; *Franchise Tax,* 463 U.S. at 9, 103 S.Ct. at 2846; *Hill v. Marston,* 13 F.3d 1548, 1549 (11th Cir.1994). This question of federal law must be a "necessary element" of one of the well-pleaded state law claims. *Franchise Tax,* 463 U.S. at 13, 103 S.Ct. at 2848. Moreover, the federal law which constitutes the necessary element must itself create a cause of action. *Merrell Dow,* 478 U.S. at 817, 106 S.Ct. at 3237; Chemerinsky, *Federal Jurisdiction* § 5.2.3 at 272–73. The mere existence of a federal law issue in a state law cause of action will not automatically create federal question jurisdiction. *Merrell Dow,* 478 U.S. at 813, 106 S.Ct. at 3234; *Bally,* 707 F.Supp. at 59. Additionally, the fact that the state law claim will require some analysis of federal law is not sufficient to confer federal jurisdiction. *Hill,* 13 F.3d at 1550; *Hunneman,* 860 F.Supp. at 911. For the district court to have jurisdiction, the well-pleaded complaint must establish that plaintiff's right to relief under state law requires the resolution of a substantial question of federal law. *Franchise Tax,* 463 U.S. at 13, 103 S.Ct. at 2848; Chemerinsky, *Federal Jurisdiction* § 5.2.3 at 269–73.

■ In the case before the Court, Transport Auditing alleges that Sea–Land submitted to Thermo King double invoices for charges on maritime freight and that, as a result, Thermo King had paid Sea–Land twice the amount to which Sea–Land was entitled. In its complaint Transport Auditing seeks relief pursuant to Article 1795 of the Civil Code, which provides that "If a thing is received when there was no right to claim it and which, through an error, has been unduly delivered, there arises an obligation to restore the same." P.R.Laws Ann. tit. 31, § 5121 (1991). This statute provides relief to a party who has made erroneous payments based on errors of fact. *See Conn. Gen. Life Ins. v. Universal Ins. Co.,* 838 F.2d 612, 620–21 (1st Cir.1988). Transport Auditing is seeking relief for what it alleges were erroneous payments made to Sea–Land. Accordingly, the Court holds that Transport Auditing's complaint, on its face, does not establish a question of federal law.

Federal question jurisdiction may exist in this case, however, if Transport Auditing's right to relief under Article 1795 requires the resolution of a substantial question of federal law. *See Franchise Tax,* 463 U.S. at 13, 103 S.Ct. at 2848. Sea–Land argues that its shipping rates were set pursuant to federal laws. Specifically, Sea–Land cites to section 18 of the Shipping Act,[6] section 2 of the Intercoastal Shipping Act,[7] and section 10761 of the Interstate Commerce Act.[8] Section 18 requires that all common carriers transporting by water in interstate commerce shall establish "just and reasonable rates" and shall file these rates with the Federal Maritime Commission. *See* 46 U.S.C.A.App. § 817 (1975). Section 2 requires that common carriers that transport by water in intercoastal commerce shall also file their rates with the Federal Maritime Commission. *See* 46 U.S.C.A.App. § 844 (West Supp.1995); *Trailer Marine Transport Corp. v. Federal Maritime Commission,* 602 F.2d 379, 394 (D.C.Cir.1979). Section 10761 requires that a carrier subject to the jurisdiction of the Interstate Commerce Commission charge only the filed tariff rate. *See* 49 U.S.C.A. § 10761(a) (West Supp.1995). Sea–Land argues that Transport Auditing is alleging that Sea–Land charged rates in excess of those required by the above-cited federal statutes and that therefore Transport Auditing's claim involves a federal question.

In the complaint Transport Auditing alleges that Sea–Land charged, and thereby caused Thermo King to pay, twice for certain shipments. In order to determine what were the legal rates at the time of the shipments, it may be necessary to refer to the rates on file with the Federal Maritime Commission and the Interstate Commerce Commission. Transport Auditing's claim does not, however, require the resolution of a substantial question of federal law. The rates on file will serve only as guideposts to the resolution of Transport Auditing's Puerto Rico law cause of action. *See Hunneman,* 860 F.Supp. at 910 (Massachusetts' antitrust statute provided that it "be construed in harmony with" federal antitrust laws; in remanding a law-suit brought under Massachusetts' act, court held that federal antitrust laws would serve only as "guidance" for the state law claim). Transport Auditing's claim may require some analysis of federal law. Such an analysis, however, is not sufficient to invoke federal question jurisdiction. *See Hill,* 13 F.3d at 1550; *Hunneman,* 860 F.Supp. at 911. In order to prevail, Transport Auditing will have to prove that Thermo King paid twice for the same shipments. Transport Auditing's claim will not, however, require the resolution of a substantial question of federal law.

No federal question is present on the face of Transport Auditing's properly pleaded complaint, and Transport Auditing's complaint does not establish that its right to relief under Puerto Rico law requires the resolution of a substantial question of federal law. Sea–Land may raise as a defense the argument that the rates it charged were required by the federal statutes that it has cited. Sea–Land may not, however, remove this case on the basis of a federal law defense. *See Caterpillar,* 482 U.S. at 393, 107 S.Ct. at 2430; *Merrell Dow,* 478 U.S. at 808, 106 S.Ct. at 3232; *Hernandez–Agosto,* 748 F.2d at 2–3; *see also* Chemerinsky, *Federal Jurisdiction,* § 5.2.3, at 264. Therefore, this case was not properly removed, and the Court must remand the case to the Superior Court of Puerto Rico. *See* 28 U.S.C.A. § 1447(c) (1994); *Franchise Tax,* 463 U.S. at 8; 103 S.Ct. at 2845.

WHEREFORE, the Court hereby grants Transport Auditing's petition for remand (Docket no. 7) and remands this case to the Superior Court of Puerto Rico.

**IT IS SO ORDERED.**

---

**6.** 46 U.S.C.A.App. § 817 (1975).

**7.** 46 U.S.C.A.App. § 844 (West Supp.1995).

**8.** 49 U.S.C.A. § 10761 (West Supp.1995).