**READY TRANSPORTATION, INC., Plaintiff,**

v.

**BEST FOAM FABRICATORS, INC., Defendant.**

No. 95 C 7414.

United States District Court, N.D. Illinois, Eastern Division.

March 13, 1996.

Richard Douglas Garmer, Richard D. Gramer, Chicago, IL, for Ready Transportation, Inc.

Michael O. Brown, Michael B. Nash, Jacob J. Meister, Schwartz & Freeman, Chicago, IL, for Best Foam Fabricators, Inc.

## MEMORANDUM OPINION AND ORDER

BUCKLO, District Judge.

Plaintiff, Ready Transportation, Inc. ("Ready"), filed suit against defendant, Best Foam Fabricators, Inc. ("Best"), in the Circuit Court of Cook County, Illinois in November of 1995. Best filed a timely notice of removal, and Ready has now filed a motion to remand the case to state court. For the reasons given below, Ready's motion to remand is granted.

### Background

Ready is an interstate motor common carrier. Best was one of Ready's customers. They entered into numerous bills of lading, each one indicating that the shipment was prepaid. For each shipment Ready completed for Best, Ready sent Best an invoice setting out the shipping charges due on each shipment. The parties then entered into two contracts concerning transportation services, under which Best agreed to pay Ready for the shipments. Ready alleges that Best has breached the parties' contract by failing to pay the necessary charges.

In its notice of removal, Best alleged that this court has original jurisdiction over Ready's claim because it arises under the Interstate Commerce Act ("ICA"), 49 U.S.C. § 10101 *et seq.* In its motion to remand, Ready correctly pointed out that its complaint does not mention the ICA, but instead presents a straightforward state law claim for breach of contract. Best responded to Ready's motion by arguing that jurisdiction is proper under either the artful pleading exception, or, alternatively, the complete preemption exception to the well-pleaded complaint rule.[1]

### Discussion

■ Ready, as the plaintiff, is the master of its complaint and may plead whichever causes of action it chooses. *Caterpillar, Inc. v. Williams,* 482 U.S. 386, 392, 107 S.Ct. 2425, 2429–30, 96 L.Ed.2d 318 (1987). Here, Ready chose to plead only a state law breach of contract claim.

■ The well-pleaded complaint rule governs removal of this case from state to federal court. *See Franchise Tax Bd. v. Construction Laborers Vacation Trust,* 463 U.S. 1, 9–10, 103 S.Ct. 2841, 2846–47, 77 L.Ed.2d 420 (1983). Best may remove this case to federal court only if a federal cause of action appears on the face of Ready's complaint. An exception to this rule is the artful pleading doctrine. This doctrine prevents a plaintiff from avoiding federal jurisdiction by "artfully pleading" a state claim for what is essentially a federal claim. *See Burda v. M. Ecker Co.,* 954 F.2d 434, 438 (7th Cir.1992). In some cases, therefore, a federal court may look beyond the face of the complaint to determine whether the plaintiff has artfully pleaded its complaint "so as to couch a federal claim in terms of state law." *Id.* The removal statute, however, should be strictly construed, and any doubts should be resolved against removing a case. *Her Majesty the Queen v. City of Detroit,* 874 F.2d 332, 339 (6th Cir.1989).

■ Best argues that the artful pleading exception applies to Ready's breach of contract claim because interstate shipping is regulated by federal law. Under the ICA, a motor carrier, such as Ready, must publish its shipping rates in a tariff filed with the Interstate Commerce Commission. All of Ready's customers must then pay the published rates. 49 U.S.C. § 11902. The rates may not be altered by contract. *See Maislin Industries, U.S., Inc. v. Primary Steel, Inc.,* 497 U.S. 116, 126, 110 S.Ct. 2759, 2765–66, 111 L.Ed.2d 94 (1990).

■ Best, however, does not argue that the rates Ready is attempting to collect through this suit deviate from Ready's filed tariff rates. The information presently before me does not indicate that the parties dispute the propriety of Ready's charges. Ready simply seeks payment for the shipments it completed. No issue of federal law must be decided in order to adjudicate

---

1. Best does not actually argue that the complete pre-emption exception applies. It does argue that the ICA pre-empts Ready's claim, and there-

fore the court assumes that Best is arguing the applicability of the complete pre-emption doctrine.

Ready's suit. The court deciding this suit may need to refer to the published rates, but referring to those rates does not present "federal questions which are essential to recovery." *Burda, supra*, 954 F.2d at 438.

■ In *Transport Auditing, Inc. v. Sea-Land Service, Inc.*, 897 F.Supp. 34 (D.P.R. 1995), the court granted the plaintiff's motion to remand a factually similar case to state court. In *Transport Auditing,* the plaintiff sued a maritime shipping company, alleging that the shipper had overcharged the plaintiff. The plaintiff filed suit in state court seeking to recover its alleged overpayments, and the defendant filed a notice of removal, arguing that the suit turned on federal law because its shipping rates were set pursuant to federal law. *Id.* at 37. The court rejected this argument:

> In order to determine what were the legal rights at the time of the shipments, it may be necessary to refer to the rates on file with the Federal Maritime Commission and the Interstate Commerce Commission. Transport Auditing's claim does not, however, require the resolution of a substantial question of federal law. The rates on file will serve only as guideposts to the resolution of [the state law claim].... Transport Auditing's claim may require some analysis of federal law. Such an analysis, however, is not sufficient to invoke federal jurisdiction.

*Id.* Like the suit in *Transport Auditing,* Ready's claim does not involve a substantial question of federal law.[2] The fact that the contract price term is set by federal law does not transform Ready's cause of action into a suit arising under federal law.

Best argues that because parties to an interstate shipping contract may not vary from the filed tariffs in their contract, the parties may not sue to enforce their contract without presenting a federal question. As the court in *Transport Auditing* recognized, however, the state law breach of contract

claim may stand as such, even where resolution of the claim requires reference to the controlling rates, *i.e.,* the filed tariff.[3] *See also American Inmate Phone Systems, Inc. v. US Sprint Communications Co.*, 787 F.Supp. 852 (N.D.Ill.1992) (rejecting defendant's argument that because the contract at issue relied on tariffs set under the Federal Communications Act the breach of contract suit presented a federal question).

■ Best argues alternatively that Ready's state law action against Best is preempted by the ICA. Preemption is a defense, and therefore does not appear on the face of the plaintiff's complaint. Consequently, preemption is not a basis for removal. *See Franchise, Tax, supra*, 463 U.S. at 12, 103 S.Ct. at 2847–48. An exception to this general rule exists for "complete preemption," when "Congress ... so completely pre-empt[s] a particular area that any civil complaint raising this select group of claims is necessarily federal in character." *Metropolitan Life Insurance Co. v. Taylor*, 481 U.S. 58, 63–64, 107 S.Ct. 1542, 1546, 95 L.Ed.2d 55 (1987). *See also Rice v. Panchal*, 65 F.3d 637, 640 (7th Cir.1995) ("If a state law claim has been 'displaced,' and therefore completely preempted ..., then a plaintiff's state law claim is properly 'recharacterized' as one arising under federal law.") (citations omitted). Complete preemption requires both federal preemption of state law and the Congressional intent to make the plaintiff's cause of action removable to federal court. *Taylor, supra*, 481 U.S. at 66, 107 S.Ct. at 1547–48. "[T]he touchstone of the federal district court's removal jurisdiction is not the 'obviousness' of the pre-emption defense but the intent of Congress.... [E]ven an 'obvious' pre-emption defense does not, in most cases, create removal jurisdiction." *Id.*

Best argues that Ready's breach of contract action is explicitly preempted by the preemption clause in the ICA.[4] In support

**2.** Although the court in *Transport Auditing* used a slightly different analysis than the artful pleading doctrine, its reasoning still applies.

**3.** For the same reason, Best's argument that this action arises under federal law because the bills

of lading Ready attaches to its complaint provide that the filed tariffs control must fail.

**4.** 49 U.S.C. § 11501(h)(1) provides that "a State, political subdivision of a State, or political authority of 2 or more States may not enact or enforce a law, regulation, or other provision hav-

of this argument, Best points to the Supreme Court's interpretation of similar language in the Federal Aviation Act ("FAA"). *See* 49 U.S.C. § 1305(a)(1). The Court has held this language to be extremely broad, preempting any state law that has "a connection with or reference to" airline rates, routes, or services. *Morales v. Trans World Airlines, Inc.,* 504 U.S. 374, 384, 112 S.Ct. 2031, 2037, 119 L.Ed.2d 157 (1992). According to Best, the Court's interpretation of the FAA preemption clause in *Morales* indicates that the same language in the ICA preempts Ready's breach of contract action.

■ Best, however, failed to cite the Supreme Court's more recent consideration of the FAA preemption clause. In *American Airlines, Inc. v. Wolens,* — U.S. —, 115 S.Ct. 817, 130 L.Ed.2d 715 (1995), a class of American Airlines customers sued the airline for, *inter alia,* breach of contract. The court held that the state law breach of contract claim was not preempted by the FAA preemption clause because "terms and conditions airlines offer and passengers accept are privately ordered obligations and thus do not amount to a State's 'enact[ment] or enforce[ment of] any law, rule, regulation, standard or other provision having the force and effect of law' within the meaning of § 1305(a)(1)." *Id.* at —, 115 S.Ct. at 824. The Court recognized that the word "'enforce' . . . could perhaps be read to pre-empt even state-court enforcement of private contracts," but found more persuasive the fact that "the word series 'law, rule, regulation, standard, or other provision' . . . connotes official, government-imposed policies, not the terms of a private contract." *Id.* at — n. 5, 115 S.Ct. at 824 n. 5.[5] Under this reason-

ing, Ready's suit to enforce a private contract is not explicitly preempted by the ICA.

Best also argues that Ready's suit is implicitly preempted by the ICA. It points to cases in which courts held that the ICA preempted breach of contract actions. In *Chaplin v. Greyhound Lines, Inc.,* C–94–3799 MHP, 1995 WL 419741, 1995 U.S. Dist. LEXIS 9478 (N.D.Cal. July 7, 1995), for example, the plaintiff sued Greyhound, alleging, *inter alia,* that Greyhound had breached its contract with ·the plaintiff to transport her from one city to another at the contract price at the contract time. The court held, with little analysis, that "[t]his allegation directly touches rates and schedules," and was therefore preempted by the ICA. *Id.* at *5, 1995 U.S.Dist. LEXIS 9478 at *12.[6] *See also Illinois Produce International, Inc. v. Reliance Insurance Co.,* 388 F.Supp. 29, 35 (N.D.Ill.1975) ("The rights and liabilities of parties to a contract involving interstate and international air carriers are governed by federal law and local, state or common law is pre-empted by federal statutory scheme."); *North American Phillips Corp. v. Emery Air Freight Corp.,* 579 F.2d 229, 234 (2d Cir. 1978) (finding the FAA "has occupied the field to the exclusion of state law").[7]

■ The court need not decide whether to follow those cases and hold that the ICA preempts Ready's breach of contract claim, however, because the court only has subject matter jurisdiction over the complaint if there is "complete preemption." To invoke complete preemption, "the pre-emptive force of a statute [must be] so 'extraordinary' that it 'converts' an ordinary state common-law complaint into one stating a federal claim for

ing the force and effect of law related to a price, route, or service of any motor carrier . . . with respect to the transportation of property."

5. In contrast, the Court did find that the customers' claim under the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/1 *et seq.,* was pre-empted by the FAA because it involved state action regulating the airline. *Wolens, supra,* — U.S. at — — —, 115 S.Ct. at 823–24.

6. Best also cites *Hunter v. United Van Lines,* 746 F.2d 635 (9th Cir.1984), *cert. denied,* 474 U.S. 863, 106 S.Ct. 180, 88 L.Ed.2d 150 (1985) for the

proposition that the ICA pre-empts the plaintiff's breach of contract claim. In *Hunter,* however, the court refused to address the defendant's preemption defense because the court found that it did not have subject matter jurisdiction over the removed case. The court in *Hunter* found the doctrine of artful pleading inapplicable and held that plaintiff's claim did not "arise under" federal law.

7. *Pegasus Transportation, Inc. v. Lynden Air Freight, Inc.,* 152 F.R.D. 574 (N.D.Ill.1993), also cited by Best, does not discuss the pre-emption issue.

purposes of the well-pleaded complaint rule." *Caterpillar, supra,* 482 U.S. at 393, 107 S.Ct. at 2430 *(quoting Taylor, supra,* 481 U.S. at 65, 107 S.Ct. at 1547). The Seventh Circuit has found complete preemption under only Section 301 of the LMRA and Section 502(a) of ERISA.[8] It has refused complete preemption under Section 514(a) of ERISA and every other statute that it has addressed. *See Rice, supra,* 65 F.3d at 640 ("[C]omplete preemption under § 502(a) creates federal question jurisdiction whereas conflict preemption under § 514(a) does not.").

■ The ICA does not explicitly preempt Ready's cause of action and may or may not implicitly preempt it. The ICA certainly does not have an "extraordinary" preemptive force. Any implicit preemption is not strong enough to show a Congressional intent to create removal jurisdiction. *See, e.g. Anderson v. American Airlines, Inc.,* 2 F.3d 590, 598 (5th Cir.1993) (remanding to state court a state law claim against an airline because the Airline Deregulation Act did not provide "a clearly manifested congressional intent to make state claims removable to federal court") (citations omitted).

### *Conclusion*

■ Ready's claim for breach of contract arises under state law. Best has not carried its burden of proof to establish that removal in this case was proper, for this court finds that neither the artful pleading doctrine nor the complete preemption doctrine creates removal jurisdiction based upon a federal question in this case. This suit will be remanded to the Circuit Court of Cook County, Illinois.

---

**8.** The Supreme Court has found complete preemption under the same two statutory sections and also in suits challenging ownership of Indian tribal land. *See Caterpillar, supra,* 482 U.S. at 393 n. 8, 107 S.Ct. at 2430 n. 8.