**Hugo A. CASTELLANOS, on behalf of himself and all others similarly situated, Plaintiff,**

v.

**U.S. LONG DISTANCE CORP., a Delaware corporation, U.S. Long Distance, Inc., a Texas corporation, Zero Plus Dialing, Inc., a Delaware corporation d/b/a U.S. Billing d/b/a U.S.B.I. and U.S. Billing, Inc., a Texas corporation, Defendants.**

No. 96 C 1645.

United States District Court,
N.D. Illinois,
Eastern Division.

June 17, 1996.

Larry Daniel Drury, Chicago, Illinois, Ben Barnow, Barnow and Goldberg, P.C.; Chicago, Illinois, Mark F. Devane, Menges, Mikus & Molzahn, Chicago, Illinois, for Plaintiff.

Anni A. Najem, Ashley Hall, Kelley, Drye & Warren, Chicago, Illinois, Douglas P. Lobel, Kelley, Drye & Warren, Washington, DC, for Defendants.

## MEMORANDUM OPINION AND ORDER

ALESIA, District Judge.

Now before the court are plaintiff's motion to remand this action to state court and motion for attorney fees and costs, both pursuant to 28 U.S.C. § 1447(c). Plaintiff Hugo A. Castellanos, on behalf of himself and others similarly situated, filed a four-count complaint in the Circuit Court of Cook County seeking relief under Illinois common and statutory law. Defendants removed the action to this court claiming that plaintiff had "actually pled a violation of federal law in an area in which federal regulation occupies the field and precludes state interference." For the reasons set forth below, plaintiff's motion to remand is granted and his motion for attorney fees and costs is denied.

As alleged in the plaintiff's complaint, the defendants U.S. Long Distance Corp., U.S. Long Distance, Inc., Zero Plus Dialing, Inc., and U.S. Billing, Inc. provide long distance telephone service and related services throughout the United States. In the usual course of business, local telephone companies disconnect or transfer a consumer's long distance carrier when requested by the consumer or when requested by a long distance telephone service. The local telephone com-

pany generally charges the consumer a connect and disconnect fee for each change in long distance carriers. The plaintiff alleges, however, that the defendants have changed tens of thousands of consumers' long distance telephone carriers from the consumers' choice to U.S. Billing and/or U.S. Billing, Inc. without the consent of those consumers (a process known as "slamming"). Plaintiff asserts that he and others similarly situated were damaged, *inter alia*, by having their contracts for long-distance service tortiously interfered with, by paying defendants' higher long distance charges, by paying or being required to pay reconnect charges to their original long distance carriers, and by having their financial credit damaged or threatened. Plaintiff alleges two claims under Illinois common law for fraud and tortious interference with contract and two statutory claims under the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/1 *et seq.*, and the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS 510/1 *et seq.*

As stated above, defendants have removed the case to this court arguing preemption by federal law. Plaintiff, meanwhile, has moved to remand this action to state court and requested attorney fees and costs as a result of wrongful removal pursuant to 28 U.S.C. § 1447(c).

Under 28 U.S.C. § 1441, "any civil action brought in a State court of which the district court of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States …" 28 U.S.C. § 1441(a). Whether removal was proper in this case depends upon whether this court has "federal question" jurisdiction under 28 U.S.C. § 1331. Federal question jurisdiction extends to "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

When deciding whether a case warrants removal because a federal question is involved, a federal court must principally determine if the "plaintiff's well-pleaded complaint raises issues of federal law." *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 63, 107 S.Ct. 1542, 1546, 95 L.Ed.2d 55 (1987); *Franchise Tax Board of Cal. v. Construction Laborers Vacation Trust for Southern Cal.*, 463 U.S. 1, 9–12, 103 S.Ct. 2841, 2846–48, 77 L.Ed.2d 420 (1983). The underlying premise of the well-pleaded complaint rule is that a plaintiff is the master of his or her case and has the right to choose whether to rely on state or federal law. *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 391, 107 S.Ct. 2425, 2429, 96 L.Ed.2d 318 (1987). A defendant cannot create a federal question by asserting an issue of federal law in a pleading or in a petition for removal. *Id.* On the other hand, removal is proper if the plaintiff has attempted to avoid a federal forum by drafting an essentially federal claim in terms of state law (the "artful pleading doctrine"). *Federated Department Stores, Inc. v. Moitie*, 452 U.S. 394, 397 n. 2, 101 S.Ct. 2424, 2427 n. 2, 69 L.Ed.2d 103 (1981).

In this case, Castellanos' complaint does not allege a federal claim and Castellanos has not drafted an essentially federal claim in terms of state law. Rather, the first half of plaintiff's complaint alleges common law fraud and tortious interference with contract, neither of which raises an issue of federal law on the face of the complaint. The Illinois statutes under which plaintiff also sues establish conditions, without reference to federal law, under which liability attaches. Accordingly, the court holds, and defendants do not dispute, that the plaintiff's complaint in this case purported to raise only state law causes of action.

Where the parties are in dispute is whether the doctrine of "complete preemption" applies in this case. This is an "independent corollary" to the well-pleaded complaint rule. It provides that, in certain circumstances, the pre-emptive force of a federal statute is "so 'extraordinary' that it 'converts an ordinary state common-law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule.'" *Caterpillar*, 482 U.S. at 393, 107 S.Ct. at 2430 (1987) (quoting *Taylor*, 481 U.S. at 65, 107 S.Ct. at 1547). Once an area of state law has been completely preempted, any claim purportedly based on that law is considered, from its inception, a federal claim, and therefore arising under

federal law. *Id.; Franchise Tax Board,* 463 U.S. at 24, 103 S.Ct. at 2854. The Seventh Circuit has found complete preemption under only Section 301 of the Labor Management Relations Act and Section 502(a) of ERISA. *Rice v. Panchal,* 65 F.3d 637 (7th Cir.1995); *Ready Transportation, Inc. v. Best Foam Fabricators, Inc.,* 919 F.Supp. 310, 315 (N.D.Ill.1996). The Supreme Court has found complete preemption under the same two statutory sections and also in suits challenging ownership of Indian tribal land. *Taylor,* 481 U.S. at 66, 107 S.Ct. at 1547–48; *Ready Transportation,* 919 F.Supp. at 315 n. 8.

■ In this case, defendants argue that plaintiff has actually pled a violation of federal law in an area in which federal regulation occupies the field and precludes state interference. Defendant further argues that the Telecommunication Act of 1996 imposes a duty upon carriers to submit orders for "a change in a subscriber's selection" of a presubscribed carrier only in accordance with FCC procedures and "by making this duty explicit in the FCA, Congress confirmed its intent that the pre-subscription of telephones for interstate calling is to be governed exclusively by the FCA." Defendant's Brief in Opposition to Plaintiff's Motion to Remand and for Attorney's Fees and Costs, at p. 2 (emphasis included). Because this court does not agree that the Federal Communications Act governs exclusively in this area, the court holds that complete preemption does not apply and remands this case to the state court.

As this court noted in *American Inmate Phone Systems v. U.S. Sprint Communications Co. Ltd. Partnership,* 787 F.Supp. 852, 856 (N.D.Ill.1992), the "savings clause" of the Federal Communications Act provides evidence of Congress' intent in enacting the statute. *See also Kellerman v. MCI Telecommunications,* 112 Ill.2d 428, 98 Ill.Dec. 24, 493 N.E.2d 1045 (1986); *Cellular Dynamics, Inc. v. MCI Telecommunications Corp.,* No. 94 C 3126, 1995 WL 221758 (N.D.Ill. April 12, 1995) ("the Communications Act does not purport to regulate specific sales strategies and marketing devices employed by telecommunications carriers"); *Coopera-*

*tive Communications, Inc. v. AT & T Corp.,* 867 F.Supp. 1511 (D.Utah 1994). The savings clause provides:

> Nothing in this chapter contained shall in any way abridge or alter the remedies now existing at common law or by statute, but the provisions of this chapter are in addition to such remedies.

47 U.S.C. § 414. While Section 201(b) of the FCA provides that "[a]ll charges, practices, classifications, and regulations for and in connection with [interstate] communication services, shall be just and reasonable" and the new Section 258 of the FCA provides that "[n]o telecommunications carriers shall submit or execute a change in a subscriber's selection of a provider of telephone exchange service or telephone toll service except in accordance with such verification procedures as the Commission shall prescribe," the court disagrees that this language is evidence of Congress' intent to preempt the field. Surely Congress would have been more explicit if it wished to do so, particularly in light of the savings clause. The savings clause leads this court to conclude that Congress intended the Federal Communications Act to supplement, and not completely preempt, the state law that applies in this instance.

Defendants also argue that the duties at issue here arise under and are intertwined with the FCA. Again, the court disagrees. The causes of action that the plaintiff has brought do not conflict with the provisions of the FCA or interfere with Congress' regulatory scheme. Rather, plaintiff, as the master of his own complaint, has carefully alleged state law causes of action that should be decided in state, and not federal, court. Accordingly, plaintiff's motion for remand is granted.

■ Plaintiff Castellanos has also filed a separate motion seeking payment of his costs and attorney fees as a result of defendants' improper removal to this court. 28 U.S.C. § 1447(c) Section 1447(c) provides, in relevant part, that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." *Id.* As plaintiff has noted, an award of fees and costs is discretionary with the court. *Kato-*

*nah v. USAir, Inc.*, 876 F.Supp. 984, 990 (N.D.Ill.1995). The present case involves complex issues and defendants have presented a substantial jurisdictional question. *id.* Consequently, the court does not believe that costs and attorney fees are warranted in this case. Accordingly, plaintiff's motion for an award of costs and attorney fees is denied.

## CONCLUSION

Plaintiff Hugo A. Castellanos motion to remand this matter to the state court is granted and his motion for costs and attorney fees is denied. This matter is remanded to the Circuit Court of Cook County, Illinois, County Department, Chancery Division.