Charles M. VORHEES, Executor of the Last Will and Testament of Helen Brach, a person presumed dead, Plaintiff,

v.

NAPER AERO CLUB, INC., et al., Defendants.

No. 99C6118.

United States District Court, N.D. Illinois, Eastern Division.

May 16, 2000.

Edward J. Donovan, James J. McManus, Saulius V. Kuprys, Henehan Donovan & Isaacson, Ltd., Chicago, Illinois, for plaintiff.

Scott R. Lassar, United States Attorney, Thomas P. Walsh, Assistant United States Attorney, Chicago, Illinois, for amicus curie for the FAA.

John W. Harrington, Wilson, Elser, Moskowitz, Edelman & Dicker, LLP, Chicago, Illinois, for defendants.

Perry A. Kupietz, Alan G. Sumberg, Acting Regional Counsel, Federal Aviation Administration, Des Plaines, Illinois, Mary K. McGahey, Blatt, Hammesfahr & Eaton, Chicago, Illinois, for the FAA.

## MEMORANDUM OPINION AND ORDER

ALESIA, District Judge.

The court is currently presented with two motions: (1) plaintiff Charles Vorhees' motion to remand this case to the Circuit Court of Illinois, and (2) defendants Naper Aero Club and certain individual defendants' motion to dismiss plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). For the following reasons, the court denies plaintiff's motion to remand and grants defendants' motion to dismiss.

## I. BACKGROUND

Plaintiff Charles M. Vorhees ("plaintiff") is the executor of the estate of Helen Brach. The Brach estate owns an undivided half-interest in land located in DuPage County—between Naperville and Aurora—which has been used traditionally as a farm (the "farm"). As executor of the Brach estate, plaintiff is the successor-in-interest to the farm. Defendant Naper Aero Club (the "airport") is a privately owned airport located in DuPage County, near the cities of Naperville and Aurora. It is used exclusively by its members. The individual defendants are owners or members of the airport and, as such, use the airport's facilities to fly private airplanes. The airport has two runways—one paved and the other unpaved. At issue in this litigation is the paved runway located at the northern end of the airport. The paved runway's northern end abuts the farm's southern boundary. Because the runway is so close to the farm, aircraft taking off from or landing at the paved runway necessarily travel across the farm at low altitudes.

Recently, the area surrounding the farm has seen great commercial and residential development. As a result of the defendants' flying their aircraft at low-altitudes, plaintiff claims that he is prevented from using and/or maximizing the full value of his property. With this current lawsuit, plaintiff seeks to enjoin defendants from using the northern runway—and, therefore, from flying over his property at low-altitudes. Plaintiff claims that this injunction is necessary in order for him to obtain full enjoyment of his property.

To understand the current case, however, it is necessary to discuss the history between the plaintiff and Naper Aero. In 1996, plaintiff brought suit against the Secretary of the Illinois Department of Transportation, the City of Naperville, the City of Aurora, the County of DuPage, and Naper Aero Club. See Vorhees v. Brown, No. 95 C 3812, 1996 WL 139393 (N.D.Ill. Mar.26, 1996) (dismissing plaintiff's claim against defendant City of Naperville); Vorhees v. Brown, No. 95 C 3812, 1996 WL 568775 (N.D.Ill. Sept.27, 1996) (dismissing plaintiff's complaint against all remaining defendants). That 1996 lawsuit was based upon an amendment to the Illinois Aeronautics Act which states in pertinent part: "No person may create or construct any airport hazard which obstructs a restricted landing area or residential airport." 620 ILL.COMP.STAT. 5/49.1. In the 1996 suit, plaintiff sought a declaratory judgment, arguing that the amendment at issue was a "taking." Specifically, the plaintiff argued

that the Illinois amendment prevented him from realizing the full value of his property because it prevented him from building any structure near the southern boundary of the farm. The district court dismissed plaintiff's case, ruling that—because plaintiff had failed to show that he had actual plans to improve his land or construct a building which he was prevented from executing—there was no "case or controversy" and the court, therefore, lacked subject matter jurisdiction. In an unpublished opinion, the Seventh Circuit found that no taking had occurred and affirmed the district court's dismissal. Because there was no subject matter jurisdiction over the 1996 action, the courts did not address the merits of plaintiff's claim.

In the current case, plaintiff brought suit in the Circuit Court of DuPage County, seeking an injunction against defendants pursuant to 735 ILL.COMP.STAT. 5/11–101 et seq. Specifically, plaintiff seeks to enjoin defendants from using the northern-most runway of the airport. The defendants removed the circuit court action to this court, claiming that the plaintiff's claim is preempted by the Federal Aviation Act ("FAA"), 49 U.S.C. § 40101 et seq.

The plaintiff now seeks to remand the case to state court arguing that (1) the complaint is brought under state law and (2) state's have the authority to regulate land use, which is the basis for his lawsuit. Also, the defendants move to dismiss the case for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6), arguing that (1) plaintiff seeks to regulate air traffic and (2) such a regulation is preempted by the FAA. The court address both issues.

## II. DISCUSSION

### A. Removal to Federal Court

Under 28 U.S.C. § 1441(a) "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States...." 28 U.S.C. § 1441(a). In this case, defendants argue that removal is proper because there is a federal question under the FAA and, therefore, the case arises "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Plaintiff now seeks to remand the case, claiming that his cause of action is based upon state law. Specifically, plaintiff argues that, because states have the authority to regulate land use, they have the authority to enforce an injunction against the defendants.

■■■ Ordinarily, the plaintiff's well-pleaded complaint determines whether there is a federal question. "It is long settled that a cause of action arises under federal law only when the plaintiff's well-pleaded complaint raises issues of federal law." Metropolitan Life Ins. Co. v. Taylor, 481 U.S. 58, 63, 107 S.Ct. 1542, 95 L.Ed.2d 55 (1987). Defendants cannot assert a federal question as a defense to plaintiff's complaint to establish jurisdiction for removal to federal court. Id. However, the doctrine of complete preemption is an exception to the well-pleaded complaint rule. Ready Transp., Inc. v. Best Foam Fabricators, Inc., 919 F.Supp. 310, 312 (N.D.Ill.1996). If the present claims are completely preempted, then plaintiff's current state-law claim is properly characterized as one that arises under federal law, thus creating federal question jurisdiction and making removal proper. See Ceres Terminals, Inc. v. Indus. Comm'n, 53 F.3d 183, 185 (7th Cir.1995). Section 40103 of the FAA completely preempts all regulation of air traffic and routes. 49 U.S.C. § 40103. Thus, the key issue is whether the plaintiff's claim is within the scope of § 40103 of the FAA and is, therefore, completely preempted.

Section 40103 of the FAA provides: "The United States Government has exclusive sovereignty of airspace of the United States." Id. § 40103(a). Thus, all navigable airspace is within the sole domain of federal regulation. See id. Under the FAA, "navigable airspace" is defined as "airspace above the minimum altitudes of

flight . . . including airspace needed to ensure the safety in the takeoff and landing of aircraft." *Id.* § 40102(a)(30).

■ In his complaint, plaintiff seeks to enjoin the airport and its members from using the airport's northern runway. Although plaintiff does not specifically allege a legal basis for an injunction, plaintiff does claim that, because the northern runway is so close to the southern boundary of the farm, the low-flight pattern of the aircraft results in a trespass upon his property which prevents plaintiff from realizing the full value of the farm.[1] Also, in his motion to remand, plaintiff contends that his complaint alleges a state-law claim concerning property rights and trespass. Plaintiff seeks to avoid complete preemption by arguing that he is seeking to enjoin the defendants from using only one runway and, consequently, trespassing on his land. The court finds that, while plaintiff may be seeking to prevent trespass, the complaint ultimately would result in the regulation of airspace.

In the current case, plaintiff seeks to prevent aircraft from flying over the farm at low-altitudes. However, in order for the airplanes to safely take off and land on the northern-runway, the pilots must be able to fly at low altitudes on the approach and ascent. To effectuate plaintiff's desired result—that being to keep the airplanes from flying at low altitudes over the farm—the aircraft must be prevented from landing at the northern runway. An injunction of that nature would require the defendants to change their routes and flight patterns and would, ultimately, result in the regulation of air traffic to and from the airport and its runways. Such regulation of the patterns and flights of aircraft is solely within the sovereignty of the federal government. Furthermore, it is the airspace above the farm which is the focus of this litigation. That airspace is necessary for the safe take-offs and landings at the airport and, thus, falls under the FAA's definition of navigable airspace. *See* 49 U.S.C. § 40102(a)(30).

In an effort to show that his claim is not preempted, plaintiff cites to several cases which find that state and local governments have the authority to enact ordinances regulating land use—including airport locations, landing areas, etc.—without suffering from federal preemption. (Pl. Mem. of Law in Supp. of Mot. to Remand at 5–9 (citing *United States v. Causby,* 328 U.S. 256, 66 S.Ct. 1062, 90 L.Ed. 1206 (1946); *Jankovich v. Indiana Toll Rd.,* 379 U.S. 487, 85 S.Ct. 493, 13 L.Ed.2d 439 (1965); *Griggs v. Allegheny County,* 369 U.S. 84, 82 S.Ct. 531, 7 L.Ed.2d 585 (1962); *Gustafson v. City of Lake Angelus, et al.,* 76 F.3d 778 (6th Cir.1996)).) However, those cases differ from the present situation. First, the cases cited by plaintiff do not give private individuals the authority to regulate land, as plaintiff seeks to do in this case. In fact, none of these court decisions granted an injunction to a private individual and against an airport. Furthermore, in *Jankovich, Griggs,* and *Causby,* cases upon which plaintiff relies extensively, the courts found that the plaintiffs were entitled to monetary damages—not an injunction—as a result of property loss. Second, in *Gustafson,* the issue surrounded a city ordinance which prohibited the landing or taking-off of airplanes on a city lake—not an airport or runway. In the present case, plaintiff is seeking to enjoin an airport from using its already zoned runway—a runway which is protected by a state statute. *See* 620 Ill.Comp.Stat. 5/49.1 (prohibiting plaintiff from erecting any structure which would interfere with

---

1. In *Bryski v. City of Chicago,* 148 Ill.App.3d 556, 101 Ill.Dec. 795, 499 N.E.2d 162 (Ill. App.1986), the Illinois court found explicitly that a plaintiff is barred "from pursuing trespass claims against defendant airport proprietors" because such a claim "necessarily interfere[d] with the Federal regulation of airspace management and [was] preempted by Federal law." *Id.* at 795, 499 N.E.2d at 167. However, the Illinois court did find that plaintiffs whose property is "taken" by low-flying aircraft may still have a claim for inverse condemnation and are not denied a remedy for damages to their property. *Id.*

airport operations). Significantly, the plaintiff does not contend that the airport's operation violates any ordinance or regulation.

In sum, although plaintiff claims that he is seeking to regulate land use, what he is actually seeking to regulate is the use of the airspace above his property. Thus, plaintiff's claim is preempted by the FAA. Accordingly, the court denies plaintiff's motion to remand.

### B. *Motion to Dismiss*

■ Defendants have filed a motion to dismiss plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). Defendants move to dismiss plaintiff's complaint contending that plaintiff has no cognizable legal claim. Plaintiff responds that he is entitled to an injunction because he has a right to the use of his property— including that space which is superadjacent to his land. Under the Federal Rules of Civil Procedure, the court can dismiss the complaint if it appears that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. FED.R.CIV.P. 12(b)(6); *see also Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). While the court agrees that plaintiff does have a right to use his own land, his current complaint does not state a claim upon which relief can be granted.

In this case, plaintiff seeks an injunction, not monetary damages, against the airport. Specifically, plaintiff seeks to enjoin the airport's use of its runways. An injunction, unlike a claim for damages, quite clearly affects the actual flight of the aircraft directly by forbidding it. By the very nature of the remedy, plaintiff's complaint seeks to regulate air traffic to and from the airport. Thus, as pleaded, plaintiff's complaint is preempted by the FAA and, therefore, does not state a claim upon which relief can be granted. *See infra* Sect. II.A.

It appears, however, that plaintiff may be entitled to monetary damages for the loss of his property. *See Bieneman v.*

*City of Chicago*, 864 F.2d 463, 472 (7th Cir.1988) (holding that a plaintiff was entitled to bring a state law claim for damages against an airport); *see also Bryski*, 101 Ill.Dec. 795, 499 N.E.2d at 167–68 (holding that, while plaintiff could not bring a trespass claim against an airport, plaintiff could bring a claim for damages under the theory of inverse condemnation). In fact, many courts have awarded monetary damages for inverse condemnation and takings claims to parties in similar situations to the plaintiff. Unfortunately, plaintiff's complaint does not seek monetary damages, nor does it properly allege a claim under which monetary damages could be awarded. Plaintiff's sole prayer for relief is an injunction and that is preempted by the FAA. Thus, plaintiff has failed to state a claim upon which relief can be granted. Accordingly, the court grants the defendants' motion to dismiss.

### III.  CONCLUSION

For the foregoing reasons, the court denies plaintiff Charles Vorhees' motion to remand and grants defendants Naper Aero Club and certain individual defendants' motion to dismiss.